

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Maureen Moore, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Madam:

Opinion No. O-7312
Re: Status of Goodwill Industries, Inc., employees under Texas Unemployment Compensation Act.

We have your request for an opinion of this department as to whether or not certain " * * * handicapped persons would be employees of the Sani-Shield Company or would the Goodwill Industries be considered an independent contract. (sic) * * *" under Texas laws * * * * " Also at hand is a copy of a letter allegedly written by the President-Treasurer of the Sani-Shield Co., Inc., of Dallas, Texas, wherein certain data is presented regarding the relationship between the primary parties. We quote below applicable portions of that letter:

"About a month or six weeks ago a Miss Engle of the Goodwill Industry, Inc. of this city got in touch with us over the telephone inquiring whether or not we had any work that could be done by handicapped and partially handicapped persons in their home. As we are manufacturing a dress shield which is used by the laundry and cleaners a part of which is made by hand, some of it being folding and pasting we went into the matter with Miss Engle and a Mr. Cory and agreed to let them have the folding and pasting done by some of their handicapped persons, some to be done in their work room and some to be distributed to the person in their homes who could not come to their place and Miss Engle was to instruct them in their work and attend to the delivery and picking up from the homes. We just delivered the paper to their place on Elm St. and would pick up the finished products. For this we agreed to pay the Goodwill Industry on the basis of $0.80 per m and they would pay their people 75¢ of it per 1m. * * *

"* * * Now the question of the wage and hour law and who these parties are working for is unsettled. The Goodwill Industries are of the opinion these parties are their employees and if they are considered as such we

would continue to work with them but if in fact they are employees of ours we would not feel justified in continuing as it would make us more than 8 employees and put us in another classification. We are interested in getting a final decision on this and will hold up our work until we hear from you * * * *"
(Emphasis ours)

Apparently this department is being called upon for a construction of Article 5221b-1, et seq., V.A.C.S. 1925, as amended. (Texas Unemployment Compensation Act). Section (f) (1) of 5221b-17 of that Act defines an "Employer" as "Any employing unit (which) ** has or had in employment eight (8) or more individuals * * *." The Sani-Shield concern, speaking through its President, states that it does not desire to become an "employer" within the meaning of the Act by having "more than 8 employees." The question is whether the proposed contractual relationship would make the individuals affiliated with Goodwill Industries employees of the Sani-Shield Co., within the meaning of the Act.

Article 5221b-17, V.A.C.S., 1925, as amended, provides definitions of words and phrases and promulgates the scope of the Act. Section (g), (1) thereof provides:

"'Employment' means any service performed prior to October 1, 1941, which was employment as defined in this Section prior to such date, and subject to the provisions of this Subsection, services performed on and after October 1, 1941, including services in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied, provided that any services performed by an individual for wages shall be deemed to be employment subject to this Act unless and until it is shown to the satisfaction of the Commission that such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact." (Emphasis ours)

In the case of Southern Surety Co. vs. Shoemaker, (Tex. Crim. App.) 24 S. W. (2d) 7, 8, Section B of the commission, speaking through Judge Ryan, holds:

"* * "To constitute one an 'employee' in the
meaning of the compensation laws, there must exist
between the parties the relation of master and ser-
vant, in the broad sense of ultimate control and
direction over the other. When one is employed by
another, it may be generally said to be in the re-
lation of servant to master, or as an independent
contractor. This being true, the courts in nearly
every instance have undertaken to determine the re-
lation of the person employed by another by first
deciding whether or not such person was an independ-
ent contractor. If he was found not to be such un-
der all the facts and circumstances, then he was
classed as a servant or employee."

The general rule employed by the courts to determine
whether a contractual relationship between parties is one of master
and servant or independent contractor is one primarily of control.
The decisions generally hinge on the extent of control reserved
to and exercised by the employer over the functions of the employee.
If the control is general and the employer maintains the right of
supervision and management of the employee's work, then the re-
lationship is one of master and servant. On the other hand, when
the employer's only concern is with the ultimate result of the
work, leaving details of methods and means of accomplishment to the
employee, then, the secondary party is held to be an independent
contractor. See 2 C. J. 424 (Sec. 10) and cases cited therein.
Also Cunningham vs. I. R R. Co., 51 Tex. 503. 32 Am. Rep. 632
and Wallace vs. S. C. O. Co., 91 Tex. 18, 40 S. W. 399.

In the situation before us the Sani-Shield Co., Inc.,
delivers the paper for the fabrication of their product to the
Goodwill Industries, Inc., and "pick up the finished products."
As consideration for this service the Sani-Shield concern agrees
to pay so much per unit count. The "folding and pasting" is done
by the handicapped persons affiliated with Goodwill Industries, Inc.
It would seem that Goodwill Industries employ whom they choose and
accomplish the contemplated results without consulting the Sani-
Shield concern.

The contractor is paid so much per unit count of shields
pasted and folded. Apparently, the handicapped persons work on
such days and maintain such hours as they please and are under no

obligation to fold and paste any given number of shields in any fixed space of time, and are under no supervision or control by the contractee.

When the facts as given to this department are examined in the light of the foregoing, it would appear that Goodwill Industries has reserved to itself such an independence of action in the execution of its proposed contract with Sani-Shield Co., Inc., as to clearly constitute itself an independent contractor.

You are therefore advised that upon the basis of the facts before us the Goodwill Industries, Inc., is an independent contractor and that the individuals accomplishing the work would be considered as employees of that concern and not those of the Sani-Shield Co., under the Texas Unemployment Compensation Act.

Trusting that this satisfactorily answers your question, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Richard H. Cooke
Assistant

By

Grundy Williams

APPROVED AUG 23, 1949

FIRST ASSISTANT
ATTORNEY GENERAL

GW:xd

